IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KENNETH SOWELL | § | |
| VS. | § | CIVIL ACTION NO. 1:24-cv-271 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kenneth Sowell, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this lawsuit against prison officials.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks

an arguable basis in fact if, after providing the Plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the Plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the Plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Twombly,* 550 U.S. at 555.

## Discussion

Plaintiff claims the Defendants have failed to accommodate his medical restriction for no temperature extremes by refusing or failing to housing him in a climate-controlled environment.

Plaintiff has previously filed another civil rights case asserting claims concerning the same conditions as the claims which form the basis of this lawsuit. *See Sowell v. Doe*, No. 1:24cv272 (E.D. Tex.).[1] The case is presently pending before this court.

If Plaintiff pursues his claims in both actions separately it will cause Plaintiff to pay an additional $350.00 filing fee pursuant to 28 U.S.C. § 1915(e). Thus, the instant cause of action should be dismissed without prejudice to his ability to pursue his claims in his first case.

Further, if pursued as two separate lawsuits, this action is repetitious and malicious under 28 U.S.C. § 1915. *See Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (case involving claims stemming from same incident already challenged is malicious), citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("[D]eclaring that a successive *in forma pauperis* suit is 'malicious' . . . insures that the plaintiff obtains one bite at the litigation apple - but not more."); *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal as frivolous where case involved claims duplicative of the plaintiff's prior litigation and concluding repetitious litigation is subject to dismissal under 28 U.S.C. § 1915 as malicious).

Any additional facts Plaintiff desires to bring to the court's attention about the claims should be brought in his previous lawsuit styled *Sowell v. Doe*, No. 1:24cv272.

## Recommendation

The above-styled civil rights action should be dismissed without prejudice to Plaintiff's ability to pursue his claims in his other pending lawsuit styled *Sowell v. Doe*, No. 1:24cv272.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

---

[1] A prisoner's complaint is deemed filed as of the date it was delivered to prison authorities for forwarding to the court. *Cooper v. Brookshire*, 70 F.3d 377, 381 (5th Cir. 1995). Plaintiff filed a certificate of service indicating he delivered his previous complaint to prison officials on June 15, 2024. Therefore, the date of filing of the complaint was June 15, 2024, more than two weeks before the above-styled action.

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 12th day of July, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE